TENDERSON SMITH, Executor of James Langford, deceased, plaintiff in error, vs. SAMPSON BELL, defendant in error.

[1] A plaintiff, by paying cost, present and future, into Court, and assigning all his interest in the case, may become a competent witness.

[2] Such assignment may be completed by depositing in Court the instrument making it, in the absence of the assignee, whose acceptance will be presumed.

Action. In Webster Superior Court. Tried before Judge CLARKE. September Term, 1866.

The plaintiff is the Executor of the will of James Langford, deceased. At an Executor's sale, early in the year eighteen hundred and fifty-five, Henry Weaver purchased two negroes, at the price of thirteen hundred dollars. The terms of sale were credit till Christmas thereafter, with two securities.

Suit is now brought to hold the defendant responsible on his promise to stand Weaver's security.

McINTOSH, February 3d, 1855.

MR. TENDERSON SMITH, ESQ.:

*Sir*—If Henry Weaver should purchase any of the negroes of Langford's estate, I expect to stand his security, if he desires it, and will be taken, and I shall not be present on your sale day, but will attend to it at any time.

Yours, with respect,

SAMPSON BELL.

The plaintiff offered himself as a witness to prove that he demanded of Bell to become the security of Weaver. The defendant objected, on the ground that the plaintiff was interested in the event of the suit. Plaintiff showed a receipt from the Clerk of the Court for fifty dollars, for all costs that had, or might accrue—a release, signed by himself as Executor, to himself as an individual, from all costs that had, or might accrue—a release, by himself as Executor, to the legatees under the will, from all commissions or other charges on account of any recovery in this case; also a release from Blanford & Miller from all liability for attorney's fees in this case; and proved that he had settled in full with all the legatees, except Benjamin M. Langford. As to him, plaintiff assigned to one Tullis, his administrator, all interest he might have, by reason of any recovery from Bell in this case. This assignment was subsequent, in point of time, to the objection to the competency of the witness, and was made without the knowledge or acceptance of Tullis.

Plaintiff also read an exemplification of an Equity case in

Marion Superior Court, wherein Tullis, as administrator, was plaintiff, and Smith, as executor, defendant, for the recovery of his intestate's distributive share of the estate of James Langford, deceased, and a decree therein in favor of Smith.

The Court sustained the objection to the competency of the witness, on the ground that he might be liable to the legatees of James Langford, deceased, and plaintiff in error excepted.

BLANFORD & MILLER, for plaintiff in error.

McCAY & HAWKINS, for defendant.

LUMPKIN, C. J.

The only question in this case is as to the competency of Smith as a witness. That he was originally disqualified, both as party plaintiff, and on the ground of interest, may be conceded. The question is, has he taken such steps, as to restore him to competency. He has deposited with the Clerk money sufficient to discharge past cost, and to cover any future cost. He has released the defendant from liability for cost. He has settled in full with the legatees of Langford's estate, even to the including of the note, which is the subject of this controversy. The paper as it now stands is his. He has assigned his interest in the claim to Tullis, adm'r. of Langford. The Court still rejected him. Is he competent? We think so. *Code, Sec.* 3785.

We doubt not, before this Court again sits in this capital, if it ever does, all this machinery to qualify a party to swear, on account of his interest, will be done away with, and probably the defendant, as well as the plaintiff, will be entitled to his oath. This is my hope, at least. No State in the Union has taken a step backward which has tried the experiment; neither has England; thus demonstrating by experience that progress in this direction works well,

Judgment reversed.